IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID K. NAPOLEON, | ) | CIV. NO. 18-00382 JAO-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| HAWAII CMTY. CORR. CTR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is pro se plaintiff Daniel K. Napoleon's Complaint, brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Napoleon alleges that he was denied medical care while he was a pretrial detainee at the Hawaii Community Correctional Center (HCCC),[1] allegedly resulting in the amputation of his left index toe. HCCC is the only named Defendant.

For the following reasons, Napoleon's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a colorable claim for relief under § 1983. Napoleon may file an amended complaint that corrects the deficiencies identified below on or before November 16, 2018.

---

[1] *See State v. Napoleon*, Cr. No. 3-18-1-0000575 (Haw. 3d. Cir. Ct. 2018) (showing that Napoleon was acquitted by reason of insanity of two counts of assault in the second degree on July 27, 2018); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (approving judicial notice of proceedings in other courts if they "have a direct relation to matters at issue").

# I. <u>STATUTORY SCREENING</u>

Because he is proceeding in forma pauperis, the court is required to conduct a pre-Answer screening of Napoleon's pleadings pursuant to 28 U.S.C. § 1915(e)(2). The court must dismiss a claim or complaint filed in forma pauperis that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Rule 12 is read in conjunction with Rule 8(a), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of

meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130.

## II. BACKGROUND AND CLAIMS

Napoleon says that he was taken to HCCC on December 29, 2017, where an "[i]nfection developed per incarceration" and "in requesting doctor, none was provided." Compl., ECF No. 1, PageID #5. Napoleon reiterates throughout his Complaint that there was "no doctor service @ Hilo jail," and that he was "continually denied" medical assistance as his "infection became intolerable, both in pain and severity." *Id.*, PageID #4. On January 26, 2018, when a "red line appeared from [Napoleon's] toe/foot infected area, up right leg and extended to the groin," Napoleon was taken to a hospital in Hilo, where his toe was amputated. *Id.*, PageID #4. Napoleon is currently committed to the Hawaii State Hospital.

Napoleon requests a federal investigation of "negligence and malpractice [by] (Hilo Jail medical administered)," and release from the Hawaii State Hospital. *Id.*, PageID #6 (stating that he seeks "the equivalent of Habeas Corpus").

3

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Improper Defendant

Napoleon names HCCC as the only Defendant to this suit. A jail, prison facility, or state agency is not a "person" amenable to suit under § 1983. *See Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (discussing state agencies) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Napoleon cannot state a claim against HCCC and claims against HCCC are DISMISSED with prejudice.

As Napoleon names no other defendants, the Complaint is DISMISSED for failure to state a colorable claim for relief. Napoleon is granted leave to amend to name appropriate defendants and provide the necessary factual support to state

each claim that he alleges. To enable him to effectively do so, the court provides the following legal standards and brief discussion of his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend).

**B.    Doe Defendants**

Napoleon apparently intends to assert claims against unidentified HCCC officials who allegedly denied him medical care while he was incarcerated at HCCC between December 29, 2017 and January 26, 2018. A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, but he must allege sufficient facts to show how each doe defendant individually violated his constitutional rights. If the plaintiff can do so, he may be given leave to conduct early, limited discovery to obtain and substitute the names of doe defendants with identified individuals, unless it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *Finefeuiaki v. Maui Police Dep't and Officers*, 2018 WL 4839001, at *3 (D. Haw. Oct. 4, 2018); *see also* Fed. R. Civ. P. 10(a) (requiring plaintiffs to include the names of the parties sued in the Complaint).

Napoleon may amend his pleadings to name Doe Defendants, *if* he can plausibly allege facts that accurately differentiate between each doe defendant by identifying their positions, at a minimum, and showing their personal connection to his allegations, such as the dates and times that they individually denied him medical care when he requested it, and their individual responses to such requests. If Napoleon is unable to do so, he cannot state a claim against any unidentified defendant. As currently pleaded, the Complaint does not allow the court to construe a claim against any individual employed at HCCC.[2]

## C.     Requests for Relief

Napoleon's request for release from the Hawaii State Hospital is improperly brought in this civil rights action. The remedy for a state plaintiff challenging his civil commitment or denial of release is through a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 or 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A civil rights action under § 1983 is the proper vehicle for challenging conditions of confinement. *Id.* at 498-99. Napoleon's allegations in the Complaint relate to his conditions of confinement at HCCC. To the extent he

---

[2]Moreover, the United States Marshal cannot serve a summons or complaint on a doe defendant. *See Gillespie*, 629 F.2d at 642 (explaining that "doe defendants" are disfavored in federal court because perfecting service on an unidentified defendant is impossible).

6

seeks release from the state hospital, those claims are DISMISSED without prejudice to raising them in a petition for writ of habeas corpus.

If Napoleon brings a habeas petition seeking release from the state hospital, however, he is notified that the petition would likely be subject to dismissal under *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Pursuant to the *Younger* abstention doctrine, a federal court may not interfere in state civil proceedings that "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013)). is pending in the Hawaii Circuit Court of the Third Circuit.

All the *Younger* elements are present here. Public records demonstrate that state court criminal proceedings, including Napoleon's challenge to his commitment at the Hawaii State Hospital are ongoing. *See State v. Napoleon*, Cr. No. 3-18-1-0000575 (3CPC-18-0000574) (docket entries dated Sept. 20, 2018)). Napoleon's criminal defense counsel is able to raise any constitutional issues during these proceedings. In fact, a hearing on the issue is set in the circuit court on November 15, 2018. Hawaii has an obvious interest in ensuring that its court

7

orders are enforced. Allowing Napoleon to file a federal habeas petition to challenge his commitment, before the state circuit court has ruled, and before the issue has been exhausted before the Hawaii appellate courts, would duplicate state court proceedings, lead to unnecessary complications, and interfere with the state's criminal and civil processes. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (holding that, as a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented). Napoleon's request for release is DISMISSED.

To the extent Napoleon seeks prospective injunctive relief from HCCC officials, and this is unclear, that request is moot since he was acquitted and released from HCCC. *See Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975) (finding prisoner's due process claim to be moot once he obtained a full release from prison supervision); *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner's suit for library access to be moot upon his transfer to another prison).

Finally, the court lacks jurisdiction to initiate an investigation into a possible violation of Napoleon's civil rights, and leaves such a request to the Department of Justice or state equivalent.

**D.     Legal Standard for Pretrial Detainee's Denial of Medical Care Claim**

Napoleon identifies his claims as "negligence and malpractice" by HCCC officials. Compl., ECF No. 1, PageID #6. To assert a claim under § 1983, however, he must assert a basis for federal jurisdiction, such as a federal question under the Constitution or laws of the United States, or diversity of citizenship between the parties. *See* 28 U.S.C. § 1331 (defining federal question jurisdiction), and § 1332 (defining diversity of citizenship). Without a colorable federal claim, this court lacks supplemental jurisdiction over state law negligence and medical malpractice claims. *See* 28 U.S.C. §§1331, 1367.

To state a denial of medical care claim under the Fourteenth Amendment, a pretrial detainee must show that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined, (ii) those conditions put the plaintiff at substantial risk of suffering serious harm, (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's conduct obvious, and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1120, 1125 (9th Cir. 2018); *Finefeuiaki*, 2018 WL 4839001, at *6. The "'mere lack of due care by a state

official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quoting *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 99th Cir. 2016)) (further citations omitted). A pretrial detainee "must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Id.*

Napoleon asserts basic facts showing that HCCC staff or officials acted with deliberate indifference to his serious medical need in violation of the Fourteenth Amendment, but his claims are factually insufficient to allege this claim against any particular individual.

## IV. **LEAVE TO AMEND**

Napoleon may file an amended complaint on or before November 16, 2018, to cure the deficiencies noted above. If Napoleon elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supersedes the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. An amended complaint must be short and plain, comply with Fed. R. Civ. P 8, and be submitted on the court's civil rights form. Defendants not

renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Complaint is DISMISSED with leave granted to amend on or before November 16, 2018. Failure to timely file an amended complaint may result in AUTOMATIC DISMISSAL of this action without further notice for failure to prosecute or comply with a court order.

The Clerk is DIRECTED to send Napoleon a blank civil rights complaint form so that he can amend his pleadings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 16, 2018.



Jill A. Otake
United States District Judge

*Napoleon v. Hawaii Cmty. Corr. Ctr, et al.*, No. 1:18-cv-00382 jao; scrng '18